IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL CHRISTOPHER BLOCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-034 |
| | ) | |
| FNU HALL, Warden, and | ) | |
| SAM OLENS, Attorney General of the | ) | |
| State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings this case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), his § 2254 petition be **DISMISSED** as successive, and this civil action be **CLOSED**.

**I. BACKGROUND**

Petitioner attempts to challenge his January 2008 convictions for burglary, kidnapping, and rape, with regards to all of which he pled guilty in the Superior Court of Richmond County, Georgia. (Doc. no. 1, p. 1.) The trial court sentenced Petitioner to life imprisonment on the rape count and consecutive twenty-year terms of imprisonment on the other two counts. (Id.) Petitioner did not file a direct appeal. (Id. at 2.)

Petitioner filed his first § 2254 petition on April 26, 2012. Blocker v. Danforth, CV 112-064, doc. no. 1 (S.D. Ga. Apr. 26, 2012). Therein, Petitioner claimed ineffective assistance of trial counsel, denial of his right to appeal the denial of his state habeas petition, improper assertion of the kidnapping charge, and failure by the trial court to properly evaluate his mental health. (See id. at 7.) On May 3, 2012, this Court conducted an initial review of the petition, finding it was time-barred under the applicable statute of limitations and recommended dismissal. (Id., doc. no. 3.) The Honorable J. Randal Hall, United States District Judge, adopted this Court's recommendation as the opinion of the District Court and dismissed that case. (Id., doc. no. 5.) Petitioner did not appeal the dismissal.

On October 29, 2012, Petitioner filed his second § 2254 petition. Blocker v. Danforth, CV 112-168, doc. no. 1. (S.D. Ga. Oct. 29, 2012). Therein, Petitioner again sought to challenge his convictions for burglary, kidnapping, and rape, raising the same claims as he raised in his first § 2254 petition. (Id. at 5-10.) Because Petitioner had not obtained authorization from the Eleventh Circuit before filing his second or successive habeas application, this Court dismissed Petitioner's motion. (Id. Doc. no. 9, p. 6.)

In his current petition, Petitioner alleges he received ineffective assistance of trial counsel, his nolo contendere plea was unlawful, state prosecutors engaged in a conspiracy to hide unethical behavior, and he was unlawfully placed in solitary confinement and placed on mental health medication for more than one year. (Doc. no. 1, pp. 1-10.)

## II. DISCUSSION

Pursuant to the Court's power to take judicial notice of its own records, the Court finds that Petitioner has filed a prior application for a federal writ of habeas corpus, thereby making the current application successive. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."). The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner has neither sought nor been granted permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2254 petition. Without such authorization, this Court cannot consider Petitioner's claims, and they are subject to dismissal. See id. (affirming dismissal of claims as successive because he did not first file an application with the Eleventh Circuit).

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), that his § 2254 petition be **DISMISSED** as successive, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of April, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA